IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEARNING CURVE BRANDS, INC.,

                        Plaintiff,

     v.

MUNCHKIN, INC.,

                        Defendant.

ORDER

09-cv-416-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a patent infringement suit with some history. In a previous case, plaintiff Learning Curve Brands, Inc. (and another plaintiff not involved in this case) alleged that defendant Munchkin, Inc.'s disposable "sippy cups" with snap-on lids were infringing two of plaintiff's patents: United States Patents Nos. 6,976,604 (the '604 patent) and 7,185,784 (the '784 patent). After the parties settled that case and a consent judgment was entered, plaintiff returned with a motion for contempt after defendant started selling a new product that plaintiff believes infringes the '784 patent. I denied the motion for contempt, concluding that the new product was sufficiently different and the question whether it was infringing was too complex for summary resolution on a contempt motion. First Years, Inc. v. Munchkin, Inc., 07-cv-558-bbc, dkt. #306. As I explained, the new product involves a

1

different sort of lid with different features. Those differences have given rise to new disputes about the scope of several claim terms of the '784 patent.

Plaintiff has filed the present lawsuit to assert the claims of infringement that could not be addressed in the contempt proceedings. Now before the court are the parties' requests for construction of the terms "similar radii," "sized to receive and snap . . . and form a seal," "interlocking features," "lips," "nominal radial interference" and terms surrounding these key phrases. Having reviewed the parties' submissions on claims construction, and in light of the related materials the parties submitted in the context of the motion for contempt of a consent judgment in the previous case, I am persuaded that construction of the terms requested is necessary to resolve disputed issues concerning infringement. However, the parties have adequately briefed their present disputes and I am thoroughly familiar with the patent and the background technology at this point. Therefore, there is no need to hold a hearing to resolve the parties' disputes. I will cancel as unnecessary the claims construction hearing scheduled for 9:00 a.m. on February 26, 2010.

ORDER

IT IS ORDERED that the motions requesting claims construction filed by plaintiff Learning Curve Brands, Inc. and defendant Munchkin, Inc., dkts. ##20 and 24, are GRANTED, but the parties' implicit request for a hearing on claims construction is

DENIED. The claims construction hearing scheduled for 9:00 am on Friday, February 26, 2010 is CANCELED as unnecessary.

Entered this 22nd day of February, 2010.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge